No. 3099.—ARNAUD LEBOURGEOIS *v.* EMMA LEBOURGEOIS, Wife of LOUIS CHENET, etc.

The vendor of a tract of land may enforce the resolutory condition against a third purchaser from his vendee. If, therefore, it appear as matter of fact that the wife has taken a tract of land as a *datien en paiement* of her judgment against her husband, which is subject to the resolutory condition because the price has not been paid, then and in such case she can not successfully resist the payment of notes and mortgage which she has placed upon it, on the grounds that the notes and mortgage were given under marital influence and to secure a debt of her husband.

APPEAL from the Fourth Judicial District Court, parish of St. James. *Beauvais, J. Alfred Roman,* for plaintiff and appellant. *Legendre & Poché,* for defendant and appellee.

HOWE, J.   In the early part of 1 67 Arnaud Le Bourgeois. Florian LeBourgeois and Emma LeBourge is were the owners, each, of one undivided third of a plantation in the parish of St. James. On the fourth April, 1867, under a judgment against them, the property was sold by the sheriff and purchased by Louis Chenet, the husband of the defendant, Emma LeBourgeois. In settlement therefor it appeared, by the return of the sheriff, that Chenet paid the costs, the claim of the seizing creditor and sundry other claims, and the proportion of surplus going to Arnaud LeBourgeois and Florian LeBourgeois, and retained in his hands the *pro rata* of such residuum due to his wife, Emma LeBourgeois.

On the thirteenth November, 1867, a judgment of separation was rendered against Louis Chenet in favor of his wife, Emma LeBourgeois, and he was decreed to be indebted to her in the sum of $6247 20, with certain interest. On the second December, 1867, by act of *datien en paiement,* Chenet conveyed the property to his wife, the price being fixed at $7000, and the latter assuming a mortgage which had in the meantime been imposed by Chenet on the property in favor of a third party for $3800.

On the twenty-first day of October, 1868, Mrs. Emma LeBourgeois, being still the owner of the plantation by the act lastly recited, appeared before the recorder, assisted by her husband, Chenet, and

declared in substance that her husband did not pay in cash at the sheriff's sale of April 4, 1867, the share of surplus coming to Arnaud LeBourgeois (the plaintiff at bar), but gave his note for it; that this note amounted to $3000, principal and interest, and was still held by Arnaud. The portion of the act referred to reads as follows:

"La dite dame comparante déclare de plus, qu'en règlement et en paiement de la part ou portion revenant au dit Sieur Arnaud LeBourgeois dans le produit de la dite vente du 4 avril 1867, le dit Sieur Louis Chenet, son époux, lui avait fournie un simple billet tiré et souscrit par lui pour la dite somme de deux mille deux cent soixante-treize 27⅓ ·piastres, payables à l'ordre de M. Arnaud LeBourgeois, au bureau du recorder de cette paroisse, à vue.

"Que ce billet s'élève aujourd'hui, en capital et intérêts, à la somme de trois mille piastres; n'a pas encore été payé, et est toujours la propriété du dit Sieur Arnaud LeBourgeois."

She then recites the separation of property and the conveyance to her of the plantation; her desire to recognize the validity of the debt and to assure its payment; and proceeds to assume the amount of it and gives her notes therefor, with the authority of her husband, which notes are accepted by the plaintiff and are those on which this suit is brought.

The answer admits the execution of the notes, but alleges that they "were executed by the defendant to represent a debt contracted by her husband during the marriage, which debt was assumed by respondent, who bound herself by means of the notes. sued upon to pay the same, in direct violation of a prohibitory law, under marital influence and in ignorance of her rights.

To this defense the plaintiff, in argument, replies that a portion of the price bid by Chenet at the sale of April 4, 1867, remained unpaid; that the sale was liable to be dissolved for this non-payment; that the resolutory condition thus implied would operate against the land in the hands of the defendant and deprive her of it, unless she came forward and paid the amount herself; that in the language of this court in Sorrell v. Cox, 10 R. 72, "though the debt was originally contracted by the husband, it bore upon the property purchased by the wife, * * and that the debt sued on was contracted for her private benefit."

We think the case is with the plaintiff. Chenet had not paid the price of the land and it was subject in his hands to the operation of the dissolving condition. On the principle that a man can not transfer more than he himself has, and in accordance with the rules laid down in Jones v. Crocker, 1 An. 440, and Bloodworth v. Jacobs, 12 An. 699, the land was liable in the defendant's hands to the same formidable attack. By giving the notes in suit she postponed this attack, and their payment would perfect her title as against this claim.

We do not understand the decision in Spurlock v. Mawer, 1 An. 301, to control this case.

It is therefore ordered that the judgment in favor of defendant be reversed, and that the plaintiff have judgment against the defendant, Mrs. Emma LeBourgeois, wife of Louis Chenet, for the sum of $3000, with interest at eight per cent. per annum on $500 from January 1, 1869; on $1250 from September 1, 1869; and on $1250 from September 1, 1870, until paid; and costs of suit in both courts.

Rehearing refused.